```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
```

| | |
|---|---|
| In re: ) | |
| ) | |
| Rodney Grubbs, ) | Case No. 23-05593-JJG-7A |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| Joanne Friedmeyer, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding |
| ) | No. 25-50127 |
| Scott Siewert and ) | |
| Teresa Siewert, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

## AND MOTION TO STRIKE FALSE AFFIDAVIT OF SERVICE

### SPECIAL APPEARANCE AND RESERVATION OF RIGHTS

Defendants Teresa Siewert and Scott Siewert ("Defendants"), appearing **pro se and by special appearance only**, submit this Motion to Quash Service of Process and Motion to Strike False Affidavit of Service. Defendants do not waive, and expressly preserve, all objections and defenses, including but not limited to those under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), as incorporated by Federal Rules of Bankruptcy Procedure 7012 and 7004.

This Motion is filed to apprise the Court of facts demonstrating that (i) Defendants were never properly served with any operative complaint in this adversary proceeding, and (ii) the affidavit of service filed in support of the January 13, 2026 alias summons contains materially false statements.

## I. PROCEDURAL BACKGROUND

1. Plaintiff filed the original Complaint and an initial summons was issued on or about **December 1, 2025**.
2. Defendants were **never served** with that summons or Complaint.
3. Thereafter, **two alias summonses** were issued:
    o An alias summons dated **January 6, 2026**, and
    o A second alias summons dated **January 13, 2026**.
4. The January 13, 2026 alias summons was supported by:
    o An affidavit of service executed by process server **Amanda Rush**, and
    o A separate Declaration of Service filed with the Court.
5. Defendants reviewed the adversary docket and obtained evidence demonstrating that **all purported service attempts were defective**, untimely, and, as to the January 13 alias summons, supported by a **false affidavit**.

## II. GROUNDS FOR RELIEF

### A. Defendants Were Never Served With the December 1, 2025 Amended Complaint

7. The docket reflects that a First Amended Complaint was filed on **December 1, 2025**, materially altering the allegations by deleting Paragraph 21 of the original Complaint.
8. Defendants were **never served** with this **First Amended Complaint**.
9. An amended complaint must be served in compliance with **Federal Rule of Bankruptcy Procedure 7004**. Filing alone is insufficient.
10. As a result, the First Amended Complaint never became operative as to Defendants and could not lawfully support issuance of subsequent summonses.

### B. The January 13, 2026 Alias Summons Was Not Served Within the Required Time

11. Under **Federal Rule of Bankruptcy Procedure 7004(e)**, a summons must be served **within 7 days after its issuance**.
12. The January 13, 2026 alias summons required service no later than **January 20, 2026**.
13. The process server's affidavit is dated **January 24, 2026**, four days after the service deadline expired.
14. Service effected outside the Rule 7004(e) period is **void**, and the summons expires by operation of law.

### C. The Affidavit of Service by Amanda Rush Contains Materially False Statements

15. The affidavit executed by process server **Amanda Rush** asserts that:

- A co-resident refused service, and
- The papers were left at the door based on that refusal.

16. These statements are **false**.
17. Defendants have:

- **Video evidence** showing that no such interaction occurred at the date and time attested to by Ms. Rush, and that papers were merely discarded outside at the door of the residence.
- A **notarized declaration** from Defendants attesting that only Mr. and Mrs. Siewert reside in the home, and that no person resides in the home fitting the description that Ms. Rush gave in the affidavit.
- An **incident report Case. No. SCSO26CAD013972 made to the Sumter County Florida Sheriff's office** documenting the misconduct of the process server.

18. Complaint made to the **Sumter County Court Administration Department on** Feb. 7. 2026, that oversees process service in the 5th Judicial Circuit. This matter is scheduled for review on Feb 12, 2026.
19. A false return of service is grounds to **strike the affidavit, quash service**, and deny any presumption of valid service. See, e.g., *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

## D. The Declaration of Service Filed With the Court Is Also Defective

20. The Declaration of Service filed with the Court in connection with the January 13 alias summons also indicates by checked box that service was by **first-class mail on January 24, 2026**.
21. January 24, 2026 is **outside the 7-day service window** required by Rule 7004(e).
22. Service by mail outside the summons validity period is ineffective and cannot cure prior defects.

# III. LEGAL STANDARD

Proper service of process is a prerequisite to the Court's exercise of personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Where service is untimely, non-compliant, or supported by a false affidavit, the appropriate remedy is to **quash service and strike the return**.

## IV. RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that the Court enter an Order:

1. **Striking the affidavit of service** executed by Amanda Rush as false and unreliable;
2. **Quashing all attempted service of process** to date in this adversary proceeding;
3. Finding that Defendants have not been properly served with any operative complaint;
4. Requiring that any future service strictly comply with Federal Rule of Bankruptcy Procedure 7004; and
5. Granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2026, a true and correct copy of the foregoing **Defendants' Motion to Quash Service of Process and Motion to Strike False Affidavit of Service** was served by first-class U.S. Mail upon:

Joseph L. Mulvey
Counsel for Chapter 7 Trustee
133 West Market Street, No. 274
Indianapolis, IN 46204

Joanne Friedmeyer
Chapter 7 Trustee
101 West Ohio Street, Suite 1700
Indianapolis, IN 46204

Executed on this 10th day of February, 2026.

*Teresa Siewert*

**Teresa Siewert**, Pro Se

*Scott Siewert*

**Scott Siewert**, Pro Se