**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RODNEY GRUBBS, | ) CASE NO. 23-05593-JJG-7A |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| JOANNE FRIEDMEYER, TRUSTEE | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adversary Proceeding |
| | ) No. 25-50127 |
| SCOTT SIEWERT, TERESA SIEWERT | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER TO SECOND AMENDED COMPLAINT TO AVOID AND RECOVER**
**TRANSFER PURSUANT TO 11 U.S.C. §547 and §550 AND TO DISALLOW CLAIMS**
**PURSUANT TO 11 U.S.C. §502(d)**

Defendants Scott Siewert and Teresa Siewert, appearing pro se, submit the following Answer to the Trustee's Second Amended Complaint. Except as expressly admitted, all allegations are denied.

## INTRODUCTION

1. Defendants admit the allegations contained in Paragraph 1.

## JURISDICTIONAL ALLEGATIONS

2. Defendants admit that this action is styled as an adversary proceeding under the Bankruptcy Code but deny any remaining allegations not expressly admitted.

1

3. Defendants admit that the Court has subject-matter jurisdiction under 28 U.S.C. §§157 and 1334.

4. Defendants admit venue is alleged to be proper but reserve all rights to seek transfer of venue under 28 U.S.C. §1412.

5. Defendants lack sufficient knowledge to admit or deny the Debtor's residency and therefore cannot admit or deny the same.

6. Defendants admit they reside at 580 Bermudez Ct., The Villages, FL 32162.

7. Defendants admit the Trustee consents to entry of final orders by this Court.

## FACTS COMMON TO ALL COUNTS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendants deny that they personally received a wire transfer on December 11, 2023. Defendants state that a transfer was made to the attorney trust account of Taren Delisle.

14. Defendants admit in part and deny in part. Defendants admit that a transfer was made to the attorney trust account of Taren Delisle. Defendants deny the Transfer was only for the benefit of Defendants.

15. Defendants admit in part and deny in part. Defendants admit that Taren Delisle represented Defendants in connection with pre-petition debt collection efforts, but deny that she represents Defendants as counsel in this adversary proceeding.

16. Admitted.

17. Denied. Defendants deny that the Transfer was made in response to written demands from Defendants or their counsel. The December 1, 2023 demand letter offered a settlement of $30,000 and expired on December 8, 2023 without payment. After Defendants posted a social media account of their experience with the Debtor on December 9, 2023, the Debtor contacted Defendants' counsel requesting removal of the post due to reputational and business harm. A

2

negotiated agreement followed in which the Debtor offered the amount of the Transfer in exchange for removal of the post and confirmation that payment had been made.

18. Defendants lack sufficient knowledge to determine the source or ownership of the funds and therefore cannot admit or deny whether the funds constituted property of the Debtor.

19. Admitted.

20. Admitted.

---

# COUNT I

## (Avoidance of Transfer Under 11 U.S.C. §547(b))

21. Defendants incorporate their prior responses.

22. Defendants admit that a transfer was made to their attorney's trust account within 90 days prior to the petition date but deny that Defendants personally received the funds at that time. Funds were disbursed from the trust account to Defendants on December 18, 2023.

23(a). Admitted.

23(b). Defendants deny that the transfer was made for or on account of an antecedent debt.

23(c). Defendants lack sufficient knowledge to admit or deny the Debtor's insolvency and therefore cannot admit or deny the allegation.

24. Denied.

25. Denied.

---

# COUNT II

(Recovery of Avoided Transfer Under 11 U.S.C. §550)

26. Defendants incorporate prior responses.

27. As stated in Paragraph 22, Defendants admit a transfer occurred, but deny that they directly received the transfer. Defendants received funds from counsel after a contemporaneous exchange was negotiated and completed between their counsel and the Debtor.

3

28. Defendants deny that the Transfer was made for their benefit. Defendants state that the Transfer was made pursuant to a contemporaneous negotiated agreement initiated by the Debtor in exchange for Defendants' removal of a public social media posting and related reputational mitigation actions, which actions were performed contemporaneously with the Transfer.

29. Denied.

## COUNT III

(Disallowance of Claims Under 11 U.S.C. §502(d))

30. Defendants incorporate prior responses.

31. Admitted as a statement of law.

32. Denied.

33. Denied. Defendants state that counsel for Defendants acknowledged receipt of the Trustee's demand letter dated April 24, 2025. On May 14, 2025, Defendants' counsel responded with a letter to Trustee's counsel, Joseph Mulvey, sent via USPS. The response requested information necessary to evaluate the claim, and reserved all defenses. No response was provided by Mr. Mulvey prior to the filing of this adversary proceeding complaint 7 months thereafter.

## AFFIRMATIVE DEFENSES

Without assuming any burden not otherwise imposed by law, Defendants assert the following defenses:

## First Defense

Contemporaneous Exchange for New Value
11 U.S.C. §547(c)(1)

The Transfer described in the Complaint is not avoidable pursuant to **11 U.S.C. §547(c)(1)** because the Transfer was intended by the parties to be, and was in fact, a **contemporaneous exchange for new value**. Specifically, the Debtor initiated a negotiated agreement whereby Defendants agreed to remove a public social media posting and undertake related reputational mitigation actions requested by the Debtor. The Transfer was made by the Debtor in exchange for those actions, and the exchange of payment and performance occurred substantially contemporaneously.

4

## Second Defense

Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted.

## Third Defense

Reservation of All §547(c) Defenses

Defendants reserve the right to assert any defenses available under 11 U.S.C. §547(c) following discovery.

## Fourth Defense

Setoff / Equitable Considerations

Defendants reserve all equitable defenses available under bankruptcy law, including but not limited to setoff, recoupment, and equitable considerations.

## Fifth Defense

Reservation of Venue Challenge

Defendants reserve all rights to seek transfer of venue under 28 U.S.C. §1412 based on hardship and convenience of parties and witnesses.

## Sixth Defense

Reservation of Right to Amend

Defendants reserve the right to amend this Answer and assert additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss the Complaint;
2. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Scott Siewert
580 Bermudez Ct.
The Villages, FL 32162
828-550-6390 | scottsiewert@yahoo.com

Teresa Siewert
580 Bermudez Ct.
The Villages, FL 32162
407-484-9576 | tsiewert@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of March 2026, a true and correct copy of this Answer was served by **U.S. Mail, first-class postage prepaid**, upon:

Counsel to Joanne Friedmeyer
Trustee for the Chapter 7 Bankruptcy Estate of Rodney Grubbs
Joseph L. Mulvey
Mulvey Law LLC
133 W. Market St. #274
Indianapolis, IN 46204

Scott Siewert, Defendant

Teresa Siewert, Defendant

6