**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RODNEY GRUBBS, ) | CASE NO. 23-05593-JJG-7A |
| ) | |
| Debtor. ) | |
| ) | |
| ——————————————— ) | |
| ) | |
| JOANNE FRIEDMEYER, TRUSTEE ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 25-50127 |
| ) | |
| SCOTT SIEWERT, TERESA SIEWERT ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412

Defendants Scott Siewert and Teresa Siewert, appearing pro se, respectfully move this Court pursuant to 28 U.S.C. § 1412 to transfer this adversary proceeding to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, in the interest of justice and for the convenience of the parties and witnesses.

### I. FACTUAL BACKGROUND

1. Defendants are long-time residents of The Villages, Florida, and have never traveled to or resided in Indiana.
2. All events giving rise to this adversary proceeding occurred while Defendants were physically located in Florida.
3. Defendant Teresa Siewert suffers from atrial fibrillation, degenerative disc disease, and other medical conditions that make long-distance travel a significant physical and medical hardship, as confirmed by her treating physician (Exhibit B).
4. Multiple material non-party defense witnesses with firsthand knowledge of the Defendant's, and the Debtor's, statements, representations, and conduct reside in Florida, including Jackie Vohs, Matt Rumpsa, Jennifer Butler, and Taren Delisle (Exhibits C–F).
5. These witnesses possess critical testimony concerning the Debtor's statements, the negotiated exchange, and the context of the transfer at issue.

1

6. Live, in-person testimony is essential for the Court to assess credibility through demeanor, body language, and non-verbal cues—factors that cannot be fully replicated by Zoom or remote means.

**II. LEGAL STANDARD** Under 28 U.S.C. § 1412, a bankruptcy court may transfer an adversary proceeding "in the interest of justice or for the convenience of the parties." The Court considers the location of witnesses, convenience of the parties, efficient administration of the estate, and the interests of justice.

**III. ARGUMENT** Transfer is strongly favored here. The vast majority of defense witnesses and evidence are located in Florida. Requiring Defendants and elderly Florida witnesses to travel to Indiana would impose undue physical, financial, and logistical hardship. In contrast, transfer would not delay or interfere with administration of the main bankruptcy estate in Indiana.

The interest of justice is served by allowing the Court to hear live testimony on disputed issues of credibility, intent, and good faith—particularly in this fraud-tainted case.

**IV. PRAYER FOR RELIEF** WHEREFORE, Defendants respectfully request that the Court enter an order transferring this adversary proceeding to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, and grant such other relief as the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter an Order transferring this adversary proceeding to the **United States Bankruptcy Court for the Middle District of Florida,** and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Scott Siewert

580 Bermudez Ct.
The Villages, Fl. 32162
828-550-6390 scottsiewert@yahoo.com

Teresa Siewert

580 Bermudez Ct.
The Villages, Fl. 32162
828-550-6390 scottsiewert@yahoo.com

2

## CERTIFICATE OF SERVICE

I certify that on this 24th day of March , 2026, a true and correct copy of the foregoing was served by U.S. Mail upon:

Joseph L. Mulvey

Counsel to Joanne Friedmeyer, Trustee
133 West Market Street, No. 274
Indianapolis, IN 46204

_____

Scott Siewert

_____

Teresa Siewert

3

## EXHIBIT LIST

### (attached to Motion to Transfer Venue Adv. Proceeding 25- 50127)

Exhibit A – Declaration of Scott Siewert and Teresa Siewert

Exhibit B – Declaration of Dr. John Podlaski

Exhibit C – Declaration of Matt Rumpsa

Exhibit D – Declaration of Jennifer Butler

Exhibit E – Declaration of Jackie Vohs

Exhibit F – Declaration of Taren Delisle

EXHIBIT A

# DECLARATION OF SCOTT SIEWERT AND TERESA SIEWERT PURSUANT TO 28 U.S.C. § 1746

We, Scott Siewert and Teresa Siewert, declare under penalty of perjury, as follows:

1. We are the Defendants in this adversary proceeding and long time residents of the State of Florida.
2. We are both retired and rely on Social Security and IRA distributions for our support.
3. We are representing ourselves pro se in this case because our financial circumstances do not permit us to retain counsel for litigation in Indiana.
4. We have never been to or in the State of Indiana.
5. All relevant events challenged in this adversary proceeding occurred while we were in Florida.
6. The Debtor solicited individuals in multiple states, including Florida, and the effects of his conduct were not limited to Indiana.
7. Teresa Siewert has atrial fibrillation, degenerative disc disease, and other medical conditions, precluding long-distance vehicle trips or commercial flights without physical hardship and medical risk.
8. Travel to Indiana for proceedings would impose substantial physical, financial, and logistical hardships on us.
9. In addition to our own testimony, the testimony of other Florida-based witnesses (Jackie Vohs, Matt Rumpsa, Jennifer Butler, and Taren Delisle) is material to our defense.
10. It is a well established fact that live court testimony is preferable to Zoom, especially when credibility is an important factor, as it is in this case.
11. Litigating this adversary proceeding in Florida would allow the Court to hear our testimony, and the testimony of these witnesses, in person with far less hardship to all victims.
12. Litigating closer to home would also materially improve our practical ability to consult with and retain counsel, coordinate with witnesses, review records, and prepare our defense.

We declare under penalty of perjury that the foregoing is true and correct. Executed on March 24th 2026.

Scott Siewert

Teresa Siewert

Exhibit B

# DECLARATION OF DR. JOHN PODLASKI

I, Dr, John Podlaski, declare under penalty of perjury as follows:

1. I am an adult resident of the State of Florida.
2. I have personal knowledge of the matters stated in this declaration and, if called as a witness, I could and would testify competently to them.
3. Teresa Siewert of The Villages , Fl. is under my care.
4. Mrs. Siewert has medical issues that would cause her undue hardship to travel long distances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3/18/26

Dr, John Podlaski

Exhibit C

# DECLARATION OF MATT RUMPSA PURSUANT TO 28 U.S.C. § 1746

I, Matt Rumpsa, declare as follows:

1. I am an adult resident of the State of Florida.
2. I have personal knowledge of the matters stated in this declaration and, if called as a witness, I could and would testify competently to them.
3. I was a victim creditor of Rodney Grubbs.
4. I have personal knowledge of statements, representations, and misrepresentations made by Rodney Grubbs to investor-creditors, including statements made in connection with my own dealings and experience as a victim creditor.
5. I also have personal knowledge of my own experience in related bankruptcy or adversary proceedings arising from Rodney Grubbs's conduct.
6. I understand that the Plaintiff has relied, at least in part, on Rodney Grubbs's account of the events involving Scott Siewert and Teresa Siewert.
7. Based on my personal experience with Rodney Grubbs and his statements to investor-creditors, I believe I have testimony relevant to the reliability of his statements to creditors and victims, the credibility of his narrative, and the broader factual context in which similarly situated victims dealt with him.
8. I am a Florida-based witness, and travel to Indiana to testify in person would impose substantial hardship on me.
9. Testifying in Florida would be significantly easier and less burdensome for me than traveling to Indiana.

I declare under penalty of perjury that the foregoing is true and correct. Executed on
_MARCH 15_, 2026.

Matt Rumpsa

Exhibit D

# DECLARATION OF JENNIFER BUTLER

I, Jennifer Butler, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am an adult resident of North Carolina and the State of Florida and a petitioner/creditor in the involuntary Chapter 7 bankruptcy case of Rodney Grubbs (Case No. 23-05593-JJG-7A).
2. I have personal and direct knowledge of the facts stated herein based upon my own involvement as a victim of Rodney Grubbs and my active participation in the involuntary bankruptcy proceedings.
3. I have significant personal knowledge of Scott Siewert and Teresa Siewert's involvement in this matter. I know that they, like myself and many other Florida residents, were solicited by Rodney Grubbs for "investments" in his pickleball-related businesses and that they advanced funds to him under a promissory note.
4. I am personally familiar with the Debtor's representations to investor victims, including false statements regarding the use of funds, business performance, and repayment ability. These representations were part of a nationwide pattern that led to the filing of the involuntary bankruptcy petition in which I am a named petitioner.
5. I know that the Siewerts acted in good faith, were themselves victims of the Debtor's scheme, and that their public social media posts in December 2023 were made to warn other potential victims and to protect the broader community of investors — not to harass or defraud the Debtor.
6. Because I reside in North Carolina and Florida and have direct knowledge of the Siewerts' conduct and the Debtor's misrepresentations, my testimony and that of other Florida-based petitioners and victims would be material to the defenses asserted in this adversary proceeding.
7. Litigating this proceeding in Indiana would impose undue hardship on out of state residents such as myself and the Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _16th_ day of March, 2026, in the State of Florida.

_Jennifer Butler_

**Jennifer Butler**

Exhibit E

# DECLARATION OF JACKIE VOHS

I, Jackie Vohs, declare under penalty of perjury as follows:

1. I am an adult resident of the State of Florida.
2. I have personal knowledge of the matters stated in this declaration and, if called as a witness, I could and would testify competently to them.
3. I have had a long-time association with Rodney Grubbs.
4. I have knowledge of statements made by Rodney Grubbs concerning Scott and Teresa Siewert and concerning the circumstances surrounding the payment or transfer at issue in this adversary proceeding.
5. I made a phone call to Rodney Grubbs on or around the first week in January 2023 concerning a copy of a Facebook post that was forwarded to me from a friend concerning Rodney's business Pickleball Rocks as I was worried about my investment.
6. During or around that conversation and related discussions, accusing Scott and Teresa Siewert of defaming him and stating, in substance, that their story was mostly lies.
7. Rodney insisted that his business was stable and that we had nothing to worry about with our investment.
8. Rodney Grubbs made statements to me to the effect that he had paid Scott and Teresa Siewert "to hush them up", and that "95% of pickleball players won't know this ever happened."
9. I understand that these statements may be relevant to the issues in this adversary proceeding, including the purpose and context of the transfer at issue and the credibility of competing accounts.
10. I reside in Florida, and travel to Indiana to testify in person would impose a substantial hardship on me.
11. Testifying in Florida would be significantly easier and less burdensome for me than traveling to Indiana.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3-16-2026

Jackie Vohs



EXHIBIT F

# DECLARATION OF TAREN DELISLE

I, Taren Delisle, declare as follows:

1. I reside in Gainesville, Alachua County, Florida.
2. I am a Florida Bar licensed attorney.
3. I was involved in pre-litigation communications concerning and between Scott Siewert, Teresa Siewert, Rodney Grubbs, and Pickleball Rocks in December 2023, and on occasion thereafter.
4. The present adversary action in Bankruptcy appears to include matters and communications that I personally participated in and have knowledge of, and I may be a witness in the matter, if called to testify.
5. The majority of witnesses, and the Defendant parties, to this adversary action reside in Florida.
6. Most, if not all, evidence in this matter is located in Florida.
7. It would cause great hardship for the witnesses and parties to have to present testimony and defense against an action in Indiana.
8. It would cause me personally and professionally a substantial hardship to be called to testify in Indiana.
9. In the interests of justice, and fair and efficient resolution of this matter, the case should be transferred to Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 23, 2026.


Taren Delisle, Esq.