**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RODNEY GRUBBS, | ) | CASE NO. 23-05593-JJG-7A |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| JOANNE FRIEDMEYER, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 25-50127 |
| | ) | |
| SCOTT SIEWERT, TERESA SIEWERT | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendants Scott Siewert and Teresa Siewert, pro se, respectfully oppose Plaintiff's Motion to Strike portions of the declarations submitted in support of Defendants' Motion to Transfer.

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c)(4), a declaration is admissible if it is based on personal knowledge, sets forth facts that would be admissible in evidence, and shows the declarant is competent to testify.

Objections that go to credibility, characterization, or weight—rather than admissibility—are properly resolved at trial or through cross-examination. Motions to strike are disfavored. See Stinnett v. Iron Works Gym, 301 F.3d 610, 613; Payne v. Pauley, 337 F.3d 767, 772.

### II. SPECIFIC RESPONSES TO PLAINTIFF'S OBJECTIONS

Defendants respond to Plaintiff's objections in the order presented below for the Court's convenience. Each challenged statement satisfies Rule 56(c)(4).

1

| Declaration | Challenged Portion (Summary) | Plaintiff's Objection | Defendants' Response |
|---|---|---|---|
| **Siewert Decl. (Ex. A) ¶ 6** | Debtor solicited victims in multiple states, including Florida | Relevance / improper factual assertion | Based on Defendants' personal knowledge derived from direct involvement, public records, and coordination with affected individuals; directly relevant to geographic scope, witness location, and the underlying facts supporting transfer. |
| **Rumpsa Decl. (Ex. C) ¶ 6** | Plaintiff relies, in part, on Debtor's representations about Defendants | Speculation / improper opinion | Grounded in the declarant's personal observations, direct interactions with the Debtor and related parties, and review of filings in this proceeding. Any further detail can be presented in admissible form at trial. |
| **Butler Decl. (Ex. D) ¶ 4–5** | Familiarity with Debtor's representations and Defendants' conduct and intent | Hearsay / lack of personal knowledge | Based on the declarant's firsthand interactions and personal familiarity with the events. Statements concerning the Debtor's representations are admissible to show context, knowledge, and intent, and not offered for the truth of the matter asserted. |
| **Vohs Decl. (Ex. E) ¶ 6–8** | Debtor's statements regarding payment, "hush money," and that "95% of pickleball players won't know this ever happened" | Hearsay | Direct recounting of statements made to the declarant during a phone call based on firsthand participation. Admissible to establish context, intent, and knowledge, and not offered for the truth of the matter asserted. |
| **Delisle Decl. (Ex. F) ¶ 7** | Relevant documents, communications, and evidence are located in Florida | Lack of foundation | Based on the declarant's direct participation in pre-litigation communications and familiarity with the underlying transactions and records, providing a sufficient foundation. |

I certify that on this _____9_____ day of APRIL, 2026, a true and correct copy of the foregoing **Defendants' Opposition to Plaintiff's Motion to Strike** was served upon:

Joseph Mulvey, Esq.
133 W. Market St., #274
Indianapolis, IN 46204
joseph@mulveylawllc.com

Scott Siewert

Teresa Siewert

4