**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

IN RE:                                                )
                                                      )
RODNEY GRUBBS,                                        )        CASE NO. 23-05593-JJG-7A
                                                      )
    Debtor.                                         )
                                                      )
_____                      )
                                                      )
JOANNE FRIEDMEYER, TRUSTEE                            )
                                                      )
                                                      )
    Plaintiff,                                      )
                                                      )
vs.                                                   )        Adversary Proceeding No. 25-50127
                                                      )
SCOTT SIEWERT, TERESA SIEWERT                         )
                                                      )
                                                      )
    Defendants.                                     )

## DEFENDANTS' INDIVIDUAL PRETRIAL REPORT

Defendants Scott Siewert and Teresa Siewert, proceeding pro se, submit this Individual Pretrial Report pursuant to the Court's Order Setting Video Pretrial Conference entered April 16, 2026. Defendants attempted in good faith to confer with Plaintiff regarding a Joint Pretrial Report but were unable to reach agreement. Accordingly, Defendants file this Individual Pretrial Report.

**1. STATEMENT OF JURISDICTION** This adversary proceeding arises under Title 11 of the United States Code and arises in a case under Title 11. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

**2. STATEMENT THAT THE PROCEEDING IS CORE OR NON-CORE** Plaintiff alleges claims to avoid and recover a transfer pursuant to 11 U.S.C. §§ 547, 550, and 544 and to disallow claims under 11 U.S.C. § 502(d). These claims are statutorily designated as core proceedings under 28 U.S.C. § 157(b)(2)(F) and (H). Defendants dispute the factual allegations but acknowledge the statutory classification asserted by Plaintiff.

**3. STATEMENT THAT EACH PARTY DOES OR DOES NOT CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENT BY THE BANKRUPTCY JUDGE** Defendants do not consent to the entry of final orders or judgment by the Bankruptcy Judge, regardless of

1

whether the proceeding is core or non-core. Defendants expressly preserve all rights under 28 U.S.C. § 157(c), Stern v. Marshall, and related constitutional authority.

**4. JURY TRIAL POSITION** Defendants demand a jury trial on all triable issues. Plaintiff seeks monetary recovery under 11 U.S.C. §§ 547, 550, and 544. These claims are legal in nature and analogous to common-law suits for the recovery of money. Defendants have not filed a proof of claim in the underlying bankruptcy case and therefore have not submitted to the claims allowance process. Under Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), defendants who have not filed claims against the estate retain Seventh Amendment jury-trial rights in preference and fraudulent-transfer recovery actions. Defendants further assert that the Bankruptcy Judge cannot conduct a jury trial without the parties' consent (28 U.S.C. § 157(e)). Defendants preserve the right to move for withdrawal of the reference to the District Court if necessary.

**5. AGREED STATEMENT OF FACTS AT ISSUE** Because the parties could not agree on a joint pretrial report, the following facts remain disputed and are at issue:

- Whether the December 11, 2023 Transfer was made solely on account of an antecedent debt or involved contemporaneous exchange for new value.
- Whether the Transfer diminished the bankruptcy estate or was funded by earmarked new investor deposits under the Debtor's rolling "slot" investment model.
- The negotiations, communications, and circumstances surrounding the Transfer.
- The source and allocation of the funds used for the Transfer.
- The value (if any) provided by Defendants to the estate after the Transfer.
- The Debtor's intent and representations to Defendants and third parties.

**6. AGREED STATEMENT OF ISSUES OF LAW TO BE RESOLVED** The principal issues of law include:

- Whether Plaintiff can establish all elements of a preferential transfer under 11 U.S.C. § 547(b).
- Whether the Transfer is protected by the contemporaneous-exchange defense under 11 U.S.C. § 547(c)(1).
- Whether the Transfer is protected by the subsequent-new-value defense under 11 U.S.C. § 547(c)(4).
- Whether the Transfer diminished the estate under 11 U.S.C. § 547(b)(5) (earmarking/conduit theory).
- Whether equitable defenses (laches, good faith, Florida exemptions, uncompensated services to the estate) bar or limit recovery.
- Whether the Complaint meets pleading standards under Twombly/Iqbal.
- Whether the Transfer involved property of the Debtor.

**AFFIRMATIVE DEFENSES** Defendants assert the following defenses:

1. Contemporaneous exchange for new value (§ 547(c)(1)).
2. Subsequent new value (§ 547(c)(4)).
3. No diminution of the estate (§ 547(b)(5)).

2

4. Laches and prejudicial delay.
5. Good faith and equitable defenses.
6. Florida exemptions (§§ 222.21, 222.25, Fla. Stat.).
7. Uncompensated services to the estate / administrative priority offset.
8. Failure to state a claim (Twombly/Iqbal).
9. Failure to establish Debtor's interest in the transferred property.
10. Reservation of rights to assert additional defenses as discovery progresses.

**WITNESSES AND RELEVANT TESTIMONY TIED TO DEFENSES** Defendants expect to call or may call the following witnesses. Live testimony is material to credibility and disputed factual issues. Remote testimony is requested should witnesses be unwilling and outside the compulsory process limits.

1. **Scott Siewert (FL)** Negotiations, contemporaneous exchange, Debtor representations, estate-preservation efforts (§ 547(c)(1), (c)(4), (b)(5)).
2. **Teresa Siewert (FL)** Creditor coordination, victim organization, subsequent new value, regulatory assistance (§ 547(c)(4), equitable defenses).
3. **Taren Delisle, Esq. (FL)** Direct negotiations with Debtor, removal of social-media posts, paid-in-full update, contemporaneous exchange (§ 547(c)(1)).
4. **Jackie Vohs (FL)** Debtor communications and intent (§ 547(c)(1), good faith).
5. **Jennifer Butler (FL)** Factual context and timing (§ 547(c)(1), (b)(5)).
6. **Matt Rumpsa (FL)** Debtor representations and credibility (§ 547(b)(5), good faith).
7. **Melody Woodsum (FL)** Creditor meetings, public warnings, estate benefit (§ 547(c)(4)).
8. **Eldonna Coats (KS)** Debtor solicitations and reputational harm (§ 547(c)(1)).
9. **Joe Gilmore (TN)** Debtor representations, evidence gathering (§ 547(c)(4)).
10. **Ron Ponder (OK)** Creditor organization, estate preservation (§ 547(c)(4)).
11. **Eric Lanigan, Esq. (FL)** Recoverability, Florida exemptions, equitable considerations.
12. **Kevin Kern (IN)** Defendants' assistance to regulators, estate preservation (§ 547(c)(4)).
13. **Matt Foster (IN)** Creditor organization, involuntary filing, subsequent new value (§ 547(c)(4)).
14. **Sharon Guinrich (IN)** – Creditor organization, Creditor organization, Defendant's role in estate creation and preservation (547(c)(4)).

Defendants reserve the right to call additional witnesses as discovery progresses and for rebuttal or impeachment.

**PRAYER FOR RELIEF** WHEREFORE, Defendants respectfully request that the Court accept this Individual Pretrial Report, preserve all rights asserted herein, set this matter for further proceedings consistent with the disputed issues, and grant all other relief the Court deems just and proper.

Respectfully submitted,

**Scott Siewert**                                    **Teresa Siewert**

3

580 Bermudez Ct.                         580 Bermudez Ct.
The Villages, Fl. 32162                  The Villages, Fl. 32162
828-550-6390 scottsiewert@yahoo.com      407-484-9576  tsiewert@yahoo.com


## CERTIFICATE OF SERVICE

I (we) hereby certify that on ___May 11___, 2026, a true and correct copy of the foregoing Defendants Amended Answer to Complaint was served by U.S. Mail, first-class postage prepaid, and by email upon:

Joseph Mulvey, Esq.
133 W. Market St., #274
Indianapolis, IN  46204
317-721-1339
joseph@mulveylawllc.com


**Scott Siewert**                        **Teresa Siewert**

4