UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:
RODNEY GRUBBS,
Debtor.

JOANNE FRIEDMEYER, TRUSTEE,
Plaintiff,

v.

SCOTT SIEWERT and TERESA SIEWERT,
Defendants.

Case No. 23-05593-JJG-7A
Adversary Proceeding No. 25-50127

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND AND ALTERNATIVE REQUEST FOR RELIEF UNDER FED. R. CIV. P. 39(b)

Defendants Scott Siewert and Teresa Siewert, proceeding pro se, respectfully submit this Response in Opposition to Plaintiff's Motion to Strike Jury Demand [Doc. No. 60] and, in the alternative, request relief under Fed. R. Civ. P. 39(b), made applicable by Fed. R. Bankr. P. 9015 and respectfully move the Court to treat Defendant's untimely jury demand as a motion under Fed. R. Civ. P. 39(b) and, in the exercise of the Court's discretion, to grant Defendant's Seventh Amendment right to a jury trial.

## I. INTRODUCTION

Plaintiff asks the Court to strike Defendants' jury demand based on the timing provisions of Fed. R. Civ. P. 38. Defendants respectfully submit that the Motion should be denied because Defendants have a substantive Seventh Amendment right to jury trial, did not knowingly or intentionally waive that right, preserved all rights in their Amended Answer, asserted the jury demand in the Court-directed Pretrial Report, and Plaintiff has shown no prejudice.

Defendants expressly maintain and renew their demand for jury trial on all issues so triable. To the extent the Court determines that Defendants' jury demand was technically late under Rule 38, Defendants respectfully request that the Court exercise its discretion under Fed. R. Civ. P. 39(b) and order a jury trial on all issues for which a jury trial is available.

## II. DEFENDANTS HAVE A SUBSTANTIVE SEVENTH AMENDMENT JURY TRIAL RIGHT

1

Plaintiff seeks monetary recovery from Defendants under 11 U.S.C. §§ 547 and 550. Defendants did not file a proof of claim in the underlying bankruptcy case and have not voluntarily submitted themselves to the bankruptcy claims-allowance process. Even if this adversary proceeding is statutorily core, that does not eliminate the Seventh Amendment jury right where the Trustee seeks legal monetary recovery against defendants who have not filed claims.

Under Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989), a defendant who has not filed a claim against the bankruptcy estate retains the Seventh Amendment right to a jury trial when sued by a bankruptcy trustee in an avoidance or recovery action seeking monetary relief. Defendants therefore respectfully submit that Plaintiff's claims are legal in nature and implicate Defendants' constitutional right to jury trial on all triable issues.

The Supreme Court's later decision in Langenkamp v. Culp, 498 U.S. 42 (1990), confirms the same distinction: creditors who file claims against the bankruptcy estate may submit themselves to the equitable claims-allowance process, but parties who have not filed claims retain the jury-trial protection recognized in Granfinanciera. Defendants did not file a proof of claim.

## III. DEFENDANTS DID NOT KNOWINGLY OR INTENTIONALLY WAIVE THEIR JURY TRIAL RIGHTS

Defendants preserved all rights and objections in their Answer to Plaintiff's Second Amended Complaint to Avoid and Recover timely filed on March 24, 2026. Defendants expressly asserted their jury trial position in the Individual Pretrial Report filed on April 16, 2026, pursuant to the Court's order.

Defendants, proceeding pro se, believed all rights, including jury trial were preserved in the Answer to the Complaint and did not knowingly or intentionally abandon their jury trial rights.

## IV. ALTERNATIVELY, THE COURT SHOULD GRANT RELIEF UNDER RULE 39(b)

To the extent the Court concludes that Defendants' jury demand was not timely under Fed. R. Civ. P. 38, Defendants respectfully request relief under Fed. R. Civ. P. 39(b).

Rule 39(b) provides that, even where a jury trial was not properly demanded under Rule 38, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

Applying *Haines v. Kerner*, 404 U.S. 519 (1972), the Seventh Circuit in *Merritt v. Faulkner* treated a pro se litigant's untimely jury request as a request for relief under Rule 39(b). 697 F.2d 761, 767 (7th Cir. 1983). The Seventh Circuit explained that Rule 39(b) "grants wide discretion to the federal courts in considering untimely jury demands," and that discretion must be exercised in light of the interest asserted because "[a] jury trial is not a minor feature of our judicial system." *Id.* The court further stated that, absent "strong and compelling reasons," untimely jury demands should be granted, and that lateness alone is not a strong or compelling reason to deny the jury right. *Id.* The Seventh Circuit has recognized that Rule 39(b) discretion

should be applied with particular care where an unrepresented litigant seeks to preserve a jury right.

In *Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998), the Seventh Circuit likewise emphasized that applications under Rule 39(b) should be entertained with an "open mind".

Defendants recognize that *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007), requires a good reason for a belated Rule 39(b) request. Good reason exists here. Defendants are self-represented, believed they had preserved the jury right by preserving all rights in their Amended Answer filed March 24, 2026, did not knowingly abandon the jury right, and asserted the jury demand in the Court-directed Individual Pretrial Report filed April 16, 2026.

## V. THE RELEVANT RULE 39(b) FACTORS SUPPORT ALLOWING A JURY TRIAL

Courts considering relief under Rule 39(b) commonly evaluate factors such as: (1) whether the issues are suitable for jury determination; (2) whether allowing a jury trial would disrupt the Court's schedule; (3) whether the opposing party would suffer prejudice; (4) the length of delay; and (5) the reason for the delay. Under any such factor analysis, relief is warranted here.

1. ISSUES ARE SUITABLE FOR JURY TRIAL
   This proceeding contains factual disputes directly related to the mandatory elements of the Plaintiff's claims that are especially suitable for jury determinations, including but not necessarily limited to: the nature and purpose of the Transfer; the credibility of the parties and witnesses; the value, timing, and existence of any contemporaneous value asserted; the source and context of the funds used for the Transfer; and whether the Transfer diminished the estate in the manner Plaintiff claims. These core disputes are classic jury questions and precisely the types of factual and credibility issues that the Seventh Amendment and Rule 39(b) are designed to protect.

2. LACK OF ANY ADVERSE EFFECTS ON THE COURTS SCHEDULE

   Allowing a jury trial will not disrupt the Court's schedule nor prejudice the Plaintiff. The case is not on the eve of trial; trial is not scheduled until January 13–14, 2027. Discovery remains ongoing, dispositive-motion practice is pending, and no trial preparation has been wasted or materially altered. Preserving the jury demand now also promotes orderly administration because it clarifies the trial path before final trial preparation. Trial is not scheduled until January 13–14, 2027, and any forum-related issues can be addressed promptly and cooperatively if the jury demand is preserved or allowed. Defendants reserve all rights under 28 U.S.C. § 157(e), Fed. R. Bankr. P. 9015, and 28 U.S.C. § 157(d), and will act promptly to address any required jury-trial forum issues in a manner that minimizes delay and prejudice to the parties and the estate.

3. NO PREJUDICE TO OPPOSING PARTY

3

Plaintiff's only asserted basis is technical procedural timing under Rule 38. Plaintiff identifies no prejudice arising from the timing of Defendants' jury demand.

The absence of prejudice strongly supports Rule 39(b) relief, particularly where the asserted right is constitutional and Defendants are self-represented.

4. THE SHORT LENGTH OF THE DELAY

Defendants properly preserved all rights and objections in their Amended Answer to the Complaint on March 24, 2026, did not knowingly or intentionally abandon their Seventh Amendment jury right, and appropriately asserted the jury trial demand when the Court requested the Defendants state their trial positions in the Pretrial Report filed April 16, 2026, less than one month later.

The short, unintentional delay here does not justify forfeiture of a fundamental right.

5. THE REASON FOR THE DELAY

Defendants are self-represented, believed all their rights were properly preserved in their timely filed Answer on March 24, 2026, including their Seventh Amendment right to a jury trial, and in good faith stated their position in the first Court-directed Order that requested the jury position be affirmed. Defendants, while diligently trying to follow all rules of the local and federal jurisdictions, did not knowingly abandon or relinquish this fundamental right.

Accordingly, even if the Court concludes that Defendants' jury demand was technically late under Rule 38, Defendants respectfully request that the Court exercise its discretion under Fed. R. Civ. P. 39(b) and preserve Defendant's Seventh Amendment right to a jury trial.

## VI. RESERVATION OF RIGHTS REGARDING JURY-TRIAL FORUM

Defendants respectfully reserve all rights regarding the proper forum for any jury trial, including any rights under 28 U.S.C. § 157(e), Fed. R. Bankr. P. 9015, and any applicable request for withdrawal of the reference.

Defendants do not waive any argument that, if their jury demand is preserved or allowed, any jury trial should proceed in the United States District Court. Defendants expressly do not consent to the Bankruptcy Court conducting a jury trial under 28 U.S.C. § 157(e).

## VII. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike Defendants' Jury Demand. Alternatively, if the Court concludes that Defendants' jury demand was technically untimely under Fed. R. Civ. P. 38, Defendants request that the Court, in the exercise of its discretion under Fed. R. Civ. P. 39(b), treat the untimely

demand as a motion for a jury trial and grant that motion, permitting the scheduled trial to proceed as a jury trial.

Respectfully submitted,

**Scott Siewert**

**Teresa Siewert**

580 Bermudez Ct.
The Villages, FL. 32162
828-550-6390 scottsiewert@yahoo.com

580 Bermudez Ct.
The Villages, FL. 32162
407-484-9576  tsiewert@yahoo.com

CERTIFICATE OF SERVICE

I certify that on _____9th of June_ 2026, a true and correct copy of the foregoing was served by U.S. Mail, first-class postage prepaid, and/or email upon:

Joseph L. Mulvey
Mulvey Law LLC
133 W. Market St., #274
Indianapolis, IN 46204
joseph@mulveylawllc.com

Scott Siewert

Teresa Siewert

5